```
06-1437.071-JCD                                          April 2, 2007
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
DOUGLAS LEVINE,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   No. 06 C 1437
                                   )
BALLY TOTAL FITNESS HOLDING        )
CORPORATION, PAUL A. TOBACK,       )
JOHN W. DWYER, and LEE S. HILLMAN, )
                                   )
        Defendants.                )
```

## MEMORANDUM OPINION

Before the court are defendants' motions to dismiss the amended complaint. For the reasons explained below, the motions of Lee S. Hillman, John W. Dwyer, and Bally Total Fitness Holding Corporation and Paul A. Toback are granted.

## BACKGROUND

This case is part of a group of consolidated cases referred to as <u>In re Bally Total Fitness Securities Litigation</u>. Plaintiffs have filed several related securities fraud putative class actions against Bally Total Fitness Holding Corporation ("Bally"); three of its former officers and directors, Lee S. Hillman, John W. Dwyer, and Paul A. Toback; and Bally's former auditor, Ernst & Young, LLP ("E & Y"). It is alleged that defendants violated federal securities laws by publicly disseminating false and misleading corporate reports, financial statements, and press releases.

According to plaintiffs, Bally was prematurely recognizing revenue and thus materially inflating its reported revenues and income, in violation of Generally Accepted Accounting Principles (GAAP) and Bally's own revenue-recognition policy.

The original complaint in this action was filed on March 15, 2006. Defendants moved to dismiss the complaint on a number of grounds. On September 29, 2006, we issued a memorandum opinion granting the motions in part and denying them in part. In light of plaintiff's request to amend the complaint to supplement his scienter allegations, we addressed only the arguments that plaintiff's claims were time-barred. We dismissed Count III, which was a claim for violation of § 18 of the Securities Exchange Act of 1934 (the "Act"), with prejudice. We also dismissed all of the claims against E & Y, so E & Y is no longer a defendant. The motions were denied as to plaintiff's remaining claims, and plaintiff was given leave to amend the complaint.

Plaintiff has now filed an amended complaint, which contains the following claims: violation of § 10(b) of the Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5 (Count I); a "control person" claim against Toback, Dwyer, and Hillman for violation of § 20(a) of the Act, 15 U.S.C. § 78t(a) (Count II); common-law fraud (Count III); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"), 815 ILCS 505/1 et seq. (Count IV). The facts of this case, as alleged by plaintiff, are

set forth in our prior memorandum opinion, and we will not repeat them here.

Defendants now move to dismiss the amended complaint.

## **DISCUSSION**

On February 20, 2007, we issued a memorandum opinion in the lead case of these consolidated cases. See In re Bally Total Fitness Sec. Litig., Nos. 04 C 3530 et al., 2007 WL 551574 (N.D. Ill. Feb. 20, 2007) ("Bally II"). In that opinion, we granted defendants' motions to dismiss the amended consolidated class action complaint (the "ACCAC") for failure to adequately allege scienter.[1] We had previously issued an opinion dismissing the initial consolidated class action complaint (the "CCAC"), also for failure to adequately allege scienter. See In re Bally Total Fitness Sec. Litig., Nos. 04 C 3530 et al., 2006 WL 3714708 (N.D. Ill. July 12, 2006) ("Bally I").

Defendants contend that the amended complaint in the instant case fails to adequately allege scienter as well and that we should dismiss it for the same reasons we dismissed the CCAC and the

---

[1] "Under the PSLRA, a securities fraud complaint must (1) 'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed' and (2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.' 15 U.S.C. § 78u-4(b)(1), (2). In other words, plaintiffs must not only plead a violation with particularity; they must also marshal sufficient facts to convince a court at the outset that the defendants likely intended to deceive, manipulate, or defraud." Makor Issues & Rights, Ltd. v. Tellabs, Inc., 437 F.3d 588, 594-95 (7th Cir. 2006) (some internal quotation marks omitted), cert. granted, 127 S. Ct. 853 (2007).

ACCAC. We agree. The sufficiency of the scienter allegations of Levine's amended complaint falls somewhere in between those of the CCAC and those of the ACCAC. Most of the scienter allegations in Levine's amended complaint are identical to those contained in the ACCAC, but Levine's amended complaint does not even include all of the ACCAC's scienter allegations (for example, Levine does not include any "confidential witness" allegations).

Our analyses of the scienter allegations of the CCAC and the ACCAC in Bally I and Bally II apply with equal force to those of Levine's amended complaint and compel dismissal of Levine's § 10(b) claim. Therefore, Count I of the amended complaint will be dismissed. Count II, the § 20(a) "control person" claim against Toback, Dwyer, and Hillman, will also be dismissed because if there is no actionable underlying violation of the securities laws, there can be no control person liability. See Sequel Capital, LLC v. Rothman, No. 03 C 678, 2003 WL 22757758, at *17 (N.D. Ill. Nov. 20, 2003); In re Allscripts, Inc. Sec. Litig., No. 00 C 6796, 2001 WL 743411, at *12 (N.D. Ill. June 29, 2001).

Pursuant to 28 U.S.C. § 1367(c)(3), we are permitted to decline to exercise supplemental jurisdiction over a state-law claim if we have dismissed all claims over which we have original jurisdiction. In this circuit, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather

than resolving them on the merits." Kennedy v. Schoenberg, Fisher & Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998). Having resolved the federal claims in this action, we decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

Defendants ask the court to dismiss the amended complaint with prejudice. At the conclusion of his omnibus brief in response to defendants' motions, plaintiff makes only a cursory request for leave to amend his complaint yet again. He does not provide a proposed second amended complaint or offer any indication of what additional facts he would plead.

In light of plaintiffs' failures to adequately plead scienter in the parallel cases, 04 C 3530 et al., and in light of Levine's previous failures to adequately plead scienter in this case, we see no indication that Levine can file a second amended complaint that would survive another motion to dismiss. Under these circumstances, we will dismiss the federal claims with prejudice. See DSAM Global Value Fund v. Altris Software, Inc., 288 F.3d 385, 391 (9th Cir. 2002) (dismissal with prejudice of securities fraud complaint was proper where plaintiffs "failed to come forward with additional facts that would meet the scienter pleading requirement"); Davis v. SPSS, Inc., 431 F. Supp. 2d 823, 833-34 (N.D. Ill. 2006) (denying leave to amend and dismissing complaint with prejudice in PSLRA action where plaintiffs twice had failed to adequately plead scienter and court was confident plaintiffs had

given it their "best shot"). The state-law claims will be dismissed without prejudice to refiling them in state court.

### **CONCLUSION**

The following motions to dismiss the amended complaint are granted: (1) the motion of Lee S. Hillman [84]; (2) the motion of John W. Dwyer [82]; and (3) the motion of Bally Total Fitness Holding Corporation and Paul A. Toback [80].

Counts I and II of the amended complaint are dismissed with prejudice. We decline to exercise supplemental jurisdiction over Counts III and IV, and those claims are dismissed without prejudice to refiling them in state court. The case is terminated.

DATE: April 2, 2007

ENTER: _____
John F. Grady, United States District Judge